**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADAM HILL**
**ADC #601559** **PLAINTIFF**

**V.** **NO. 4:24-cv-00284-JM-ERE**

**ROBERT ANDERSON** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

*Pro se* plaintiff Adam Hill, an Arkansas Division of Correction ("ADC"), filed this 42 U.S.C. § 1983 case. *Docs. 2, 9*. Mr. Hill is currently proceeding on a medical deliberate indifference claim against Defendant Robert Anderson based on his alleged failure to provide adequate dental treatment on August 30, 2022.[1] *Doc. 121*.

[1] On April 23, 2024, the Court dismissed Mr. Hill's claims against Dexter Payne and William Straughn. *Doc. 11*.

On May 21, 2024, the Court dismissed: (1) Mr. Hill's claims against Conley, Smith, Saih, Wyman, Culp, Reed, Billingsly, Hutchinson, and Rester based on improper joinder.; and (2) Mr.

On March 18, 2026, Mr. Hill filed a motion for summary judgment, a statement of undisputed facts, and brief in support arguing that he is entitled to judgment as a matter of law on his medical deliberate indifference and retaliation claims against Defendant Anderson.[2] *Docs. 145, 146, 147*. Defendant Anderson has responded to Mr. Hill's motion,[3] and Mr. Hill has replied. *Doc. 150, 151, 156, 159, 162, 163*. That motion is now ripe for review.

---

Hill's retaliation claims for failure to state a plausible constitutional claim relief. *Doc. 15*. The Court also re-instated Mr. Hill's claims against Dexter Payne and William Straughn. *Id*.

On August 9, 2024, the Court dismissed Mr. Hill's claims against Rory Griffin based on Mr. Griffin's death. *Docs. 43, 44*.

On June 10, 2025, the Court dismissed Mr. Hill's claims against Aundrea Culclager, Hurst, Dexter Payne, and William Straughn based on their stipulation of dismissal. *Doc. 78*.

On February 2, 2026, the Court dismissed Mr. Hill's claims against Wellpath LLC, William Kent, Lamont Parsons, Candy Hoffman, Lonnell Seamsters, Nancy Miles, Chris Horan, Benetta Whitfield, John Pitts, Ramona Huff, Cynthia Womble, and Loren Stringfellow based on their joint stipulation of dismissal. *Docs. 124, 125*.

[2] Mr. Hill's motion argues that Defendant Anderson denied him dental treatment on the date in question because Mr. Hill previously filed a lawsuit against Defendant Anderson. *Doc. 145 at 4-5*. However, on May 21, 2024, the Court dismissed Mr. Anderson's retaliation claims and allowed Mr. Hill to proceed on only his medical deliberate indifference claims. *Doc. 15*. Because my previous Recommendation (*Doc. 12*) focused on Mr. Hill's First Amendment right to file grievances, I now recommend that any potential remaining retaliation claim against Defendant Anderson based on Mr. Hill's First Amendment right to file a lawsuit be dismissed for failure to state a plausible constitutional claim for relief. See 42 U.S.C. § 1983; 42 U.S.C.A. § 1997e(c) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . by a prisoner . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . ."); and 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring that the court "dismiss the case at any time" it determines that an in forma pauperis complaint fails to state a claim on which relief may be granted). See Section III. D.

[3] In his response to Mr. Hill's motion, Defendant Anderson explains that, because the Court previously stated that Mr. Hill could proceed on only his medical deliberate indifference claim against Defendant Anderson (*Doc. 121*), Defendant Anderson did not address Mr. Hill's argument regarding any pending retaliation claim. *Doc. 151 at 1*. Defendant Anderson was not required to address this previously dismissed retaliation claim. And, as discussed later in this

On June 1, 2026, Defendant Anderson filed a motion for summary judgment, brief in support, and statement of undisputed facts arguing that Mr. Hill's medical deliberate indifference claim against him fails as a matter of law. *Docs. 164, 165, 166*. Mr. Hill has responded to Defendant Anderson's motion, and Defendant Anderson has replied. *Docs. 170, 171, 172, 173*. That motion is also now ripe for review.

For the reasons explained below, I recommend the Court grant Defendant Anderson's motion for summary judgment, deny Mr. Hill's motion for summary judgment, and dismiss Mr. Hill's remaining claims.

## III. <u>Discussion</u>

### A. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must

---

Recommendation, any remaining retaliation claim fails to state a plausible constitutional claim for relief and requires no response.

come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B. Factual Evidence[4]

Mr. Hill alleges that oral surgeon Defendant Anderson failed to provide him adequate dental treatment on August 30, 2022.[5] *Doc. 147 at 27*.

During the August 30 encounter, Defendant Anderson recommended that: (1) a periodontist examine Mr. Hill; (2) an allergist examine Mr. Hill; and (3) Mr. Hill return to UAMS for a "multi discipline approach." *Doc. 147 at 27; Doc. 151-1 at 1*. Defendant Anderson did not prescribe any medication for gum disease at that

[4] Unless otherwise specified these facts are taken from: (1) excerpts from Mr. Hill's medical records (*Doc. 147 at 27*); and (2) Defendant Anderson's affidavit (*Doc. 151-1*).

[5] During 2020, Defendant Anderson diagnosed Mr. Hill with "severe periodontal disease." *Doc. 147 at 3, 27*. The constitutional adequacy of the 2020 medical treatment was addressed in a previous lawsuit filed by Mr. Hill in the Western District of Arkansas. See *Hill v. Payne, et al*., No. 6:21-cv-06029 (W.D. Ark.) ("*Hill I*"). The Court granted Defendant Anderson's motion for summary judgment and entered judgment in favor of Defendant Anderson. *Doc. 109-1*. To the extent that Mr. Hill attempts to assert any claims related to his 2020 encounter with Defendant Anderson, those claims are barred. *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 924 (8th Cir. 2006) (internal citation omitted) ("Res judicata prohibits the relitigation of claims which were actually litigated in the first suit and those which could have been litigated.").

encounter. In addition, ADC policy prevented Defendant Anderson from providing the periodontal treatment Mr. Hill wanted. *Doc. 151-1 at 2*.

Mr. Hill had no further encounters with Defendant Anderson. However, on October 1, 2022, a periodontist examined Mr. Hill, recommended that Mr. Hill undergo a biopsy, and declined to prescribe any medication until the biopsy was performed. *Doc. 147 at 30.*

**C. Medical Deliberate Indifference**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). At the summary judgment stage, Mr. Hill "must clear a substantial evidentiary threshold" to show that Defendant Anderson acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference.[6] *Id. at 575*. Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S.

[6] To the extent that Mr. Hill asserts a state-law medical malpractice claim, I recommend that the Court decline to exercise jurisdiction over any such claim. See also 28 U.S.C. § 1367(c)(3) (district court may, once it has dismissed federal claims on which its original jurisdiction is based, decline to exercise jurisdiction over supplemental state law claims).

825, 835 (1994). Stated another way, Defendant Anderson can be held liable only if his actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-1241 (8th Cir. 1997) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). In addition, disagreement with treatment decisions cannot support a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018).

To advance his medical deliberate indifference claim, Mr. Hill must come forward with evidence to allow a reasonable juror to conclude that Defendant Anderson deliberately disregarded a serious risk to his health. See *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

Here, it is undisputed that, during the relevant time period, Defendant Anderson examined Mr. Hill only once and recommended that he be examined by several specialists. And ADC policy did not allow Defendant Anderson to perform the periodontal treatment that Mr. Hill requested. Mr. Hill has failed to offer any evidence that Defendant Anderson was involved in his dental treatment following that encounter or that Defendant Anderson was responsible for any subsequent decisions made regarding Mr. Hill's dental care.

On this record, no reasonable juror could conclude that Defendant Anderson's failure to provide Mr. Hill the requested dental treatment on August 30, 2022 violated Mr. Hill's constitutional rights. Rather, Mr. Hill's disagreement with the

dental treatment Defendant Anderson provided during a single encounter will not support a finding of medical deliberate indifference, and Defendant Anderson is entitled to judgment as a matter of law on Mr. Hill's remaining claim.[7]

**D. Retaliation Claim**

To state a retaliation claim, Mr. Hill must allege that: (1) he engaged in constitutionally protected activity; (2) Defendant Anderson took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Antonelli v. Tipton*, 356 Fed. Appx. 903, 904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

[7] In his motion for summary judgment, Mr. Hill argues for the first time that, because Defendant Anderson diagnosed him with periodontal disease in 2020, he knew that he needed to perform a biopsy and provide pain medication at the August 2022 encounter. However, a mere disagreement in treatment fails to rise to a constitutional level. In addition, even if Defendant Anderson acted negligently, such conduct fails to rise to a constitutional level. *Id*. Because Mr. Hill fails to present evidence from which a reasonable juror conclude that Defendant Anderson was deliberately indifferent to his dental needs at the August 2022 encounter, Mr. Hill's motion should be denied.

"[A]n inmate cannot immunize himself . . . merely by filing [grievances] and then claiming that everything that happens to him is retaliatory." *RienPedrazaz v. Campbell*, 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (cleaned up). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

As mentioned above, on February 2, 2021, Mr. Hill filed a previous 42 U.S.C. § 1983 case in the Western District of Arkansas naming Defendant Anderson as a defendant. See *Hill I*, No. 6:21-cv-06029 (W.D. Ark.). While filing a lawsuit is constitutionally protected activity, here, Mr. Hill filed the previous lawsuit against Defendant Anderson over three years before filing this lawsuit. The three-year delay between filing this lawsuit and the alleged retaliation "dispels any inference of causal connection." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (finding a two-year delay insufficient).

In addition, other than his speculative, conclusory allegations, Mr. Hill alleges no additional facts to support a causal connection between the lawsuit he previously filed against Defendant Anderson and the alleged retaliatory conduct.

As a result, Mr. Hill has failed to state a plausible constitutional claim for relief against Defendant Anderson for any alleged retaliatory conduct.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Anderson's motion for summary judgment (*Doc. 164*) be GRANTED.

2. Mr. Hill's medical deliberate indifference claim against Defendant Anderson be DISMISSED, with prejudice.

3. Any potential remaining retaliation claim against Defendant Anderson be DISMISSED, without prejudice.

4. Judgment be entered in favor of Defendant Anderson.

5. Mr. Hill's motion for summary judgment (*Doc. 145*) be DENIED.

6. The Clerk be instructed to close this case.

DATED 13 July 2026.

UNITED STATES MAGISTRATE JUDGE